IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNE A.,[1]                   )
)
       **Plaintiff,**      )
)     **No. 25 C 5499**
     **v.**               )
)     **Magistrate Judge**
**FRANK BISIGNANO,**     )     **Maria Valdez**
**Commissioner of Social Security,**   )
)
)
      **Defendant.**    )

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Anne A.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 10] is denied, and the Commissioner's decision is affirmed.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On September 14, 2018, Plaintiff filed applications for DIB, alleging disability since January 3, 2016. Her date last insured for the purposes of Title II is

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

December 31, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 14, 2020.  On Ju ne 11, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act.

The Social Security Administration Appeals Council remanded Plaintiff's case for further proceedings. A second hearing was held before the ALJ on March 18, 2021, and the ALJ again denied Plaintiff's claim on August 4, 2021. This time, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

Plaintiff filed a complaint for judicial review, and following an agreed motion to remand, this Court remanded Plaintiff's claim for still further proceedings on September 13, 2022. A third hearing was held before a second ALJ on November 13, 2023. On January 16, 2024, this ALJ also denied Plaintiff's claim. The Appeals Council again denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff again appealed to this Court.

## II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date last

insured. At step two, the ALJ concluded that Plaintiff had the following severe impairments: posttraumatic stress disorder (PTSD); panic disorder; major depressive disorder; and cervical strain. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work through her date last insured except: lift 10 pounds and occasionally 5 frequently, stand and walk 2 hours sit for 6, occasional non-exertional [activities including] stairs, stoop, balance, kneel, crouch, and crawl; occasional bilateral overhead reaching; occasional exposure to extremes of cold; no ladders or hazards such as unprotected heights or dangerous moving machinery; no exposure to direct sunlight or flashing lights; simple routine tasks with frequent interaction with the public, co-workers, and supervisors.

At step four, the ALJ concluded that Plaintiff was be unable to perform any past relevant work through her date last insured. At step five, based upon the Vocational Expert's ("VE") testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could have performed jobs existing in significant numbers in the national economy through her date last insured, leading to a finding that she was not disabled under the Social Security Act.

## DISCUSSION

**I.    ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

5

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because he failed to incorporate adequate restrictions in the RFC to accommodate the moderate limitation on concentration, persistence, and pace he recognized. Specifically, Plaintiff complains that while the ALJ found that she had moderate limitations on concentration, persistence, and pace due to her severe mental impairments, the only limitation he included in the RFC related to related to those impairments was a restriction to simple routine tasks, and to frequent (rather than constant) interaction with the public, co-workers, and supervisors. Plaintiff contends the restriction to simple routine tasks was inadequate because this restriction addresses limitation in understanding and applying information but does not consider an individual's ability to sustain focus throughout the workday.

According to Plaintiff, the record is replete with evidence that she suffers from this latter limitation. Plaintiff cites much of this evidence, including a note from Dr. Ruge that Plaintiff suffered from memory impairment and a note from Dr. Wasmat relating to Plaintiff's flashbacks, crying episodes, and panic attacks, and VE testimony regarding the tolerance for what percentage of the day a claimant may be off task. Plaintiff does not claim the ALJ did not consider this evidence, but

7

rather that, in light of this evidence, the ALJ should have included time off task in the RFC.

As an initial matter, the ALJ did consider all of the above evidence with the exception of the VE testimony. To the extent Plaintiff asks this Court to reweigh that evidence, the Court may not. *See Skinner*, 478 F.3d at 841.

Next, the restriction to simple routine tasks does consider an individual's ability to sustain focus throughout the workday. According to Social Security Ruling 85-15, "losses of intellectual and emotional capacities are generally more serious when the job is complex." SSR 85-15, 985 WL 56857, at *4 (1985). It therefore follows that the more complex a task, the more one's ability to concentrate, persist, or maintain pace is implicated. So, when the ALJ restricted Plaintiff to simple routine work, this restriction accounted for Plaintiff's ability to sustain focus throughout the workday. *See Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) ("[A] moderate limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace.").

Finally, with respect to the VE testimony about how much time off task an employer will tolerate, there was no reason for the ALJ to discuss it, because he did not find that Plaintiff would face any time off task.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 10] is denied, and the Commissioner's decision is affirmed.

**SO ORDERED.**                                    **ENTERED:**

**DATE:** _____**March 30, 2026**_____          _____

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

9